J-S27027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN MAMUZICH | : | |
| | : | |
| Appellant | : | No. 1966 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001415-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN JOHN MAMUZICH | : | |
| | : | |
| Appellant | : | No. 2661 EDA 2023 |

Appeal from the Judgment of Sentence Entered February 8, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001414-2021

BEFORE:   LAZARUS, P.J., NICHOLS, J., and STEVENS, P.J.E.[*]

CONCURRING MEMORANDUM BY STEVENS, P.J.E.:

**FILED FEBRUARY 4, 2025**

While I concur in the result reached by the Majority, I respectfully do

not join the Majority's conclusion that "the contents of this psychological

_____

[*] Former Justice specially assigned to the Superior Court.

evaluation could not serve *ex post facto* as a 'substantial change in the facts and evidence' to revisit an issue resolved by a prior order."

Appellant's psychological evaluation report is dated August 7, 2021. The Honorable Jennifer R. Sletvold determined at the pretrial conference on May 18, 2022 that Appellant's waiver of counsel was knowing, voluntary, and intelligent. It is unclear if Judge Sletvold had the opportunity to view the psychological evaluation before issuing her decision.

On July 22, 2022, the Honorable Anthony S. Beltrami decided to revisit Judge Sletvold's decision, prior to his review of Appellant's psychological evaluation, and concluded that Appellant's waiver of counsel was not knowing, voluntary, and intelligent. Counsel was appointed for Appellant.

The Majority finds that facts or evidence that existed—but may not have been known by one trial court judge—cannot serve as an *ex post facto* change to the facts when reviewed by a second judge of coordinate jurisdiction. I do not necessarily agree, and I do not find support in **Commonwealth v. Starr**, 664 A.2d 1326, 1334 (Pa. 1995), that facts or evidence of that nature cannot serve *ex post facto* as a substantial change to the facts and evidence sufficient under the rule of coordinate jurisdiction.

Thus, I would not find it necessary to make such a sweeping finding under the facts of this case. Judge Beltrami had not read the psychological evaluation prior to his decision to "revisit" Judge Sletvold's ruling; thus, the issue of the psychological evaluation not serving as a substantial change in the facts and evidence is moot.